1424·14



RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 16 2015

Abel Acosta, Clerk

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

### NO. PD-1424-14

MAURICE EDWARD LAVOIE, Appellant

FILED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

V.

THE STATE OF TEXAS

---

# APPEllANTS Petition FoR DISCRETIONARY REVIEW

---

To The Court of Criminal Appeals of Texas

Appellant/PetitioneR Respectfully Submits This Petition for DiscRETionaRY Review and MoveS That This Honorable CouRT Grant Review of This CausE And OFFeRS The Following in SuppoRT ThereOf:

# Table of Contents

Index of Authorities

STATEMENT- Regarding oral Argument

STATEMENT- of The Case

STATEMENT- of The Procedural History of The Case

Grounds for review

Arguments

Prayer For Relief

Appendix = 11ᵀᴴ Court's Opinion + Rebuttle By Appellant. (more information)

# INDEX OF AUTHORITIES

Aldrich-v-STATE 928 SW 2d 558

Bill of Rights 1845 Art. 1 Section 8 ... 3

Brady-v-Maryland 373 U.S. 83 (1963) ... 4

Burden-v-STATE 55 SW 3d 608, 615 (Tx.Cr. App. 2001) ... 8

Chambers-v-Mississippi 410 U.S. 284 35L. 2d. 297, 93 S.CT. 1038 (1973) ... 6

Coleman-v-STATE 966 SW 2d 525, 527-28 (Tx.Cr. App. 1998) (op. on rehearing ... 6

Cramer-v-Sheppard 167 SW 2d. 147 ... 11

Crane-v-STATE 786 SW 2d 338 (Tx.Cr. App. 1990 ... 5

Gilbert-v-Texas Chapter 31 288 530 (B) ... 11

Gilmore-v-Taylor 508 U.S. 333, 343 124L. Ed 2d. 306, 113 S.Ct. 2112 (1993) ... 6

Goodson-v-City of Corpus Christy 202 F. 3d 7301 ... 11

Harm-v-STATE 183 SW. 3d. 403 (Tx.Cr. App 2006) ... 3

Heiselbetz-v-STATE 906 SW 2d 500, 511 (Tx.Cr. App. 1995) ... 5

Hoyos-v-STATE 982 SW 2d. 419, 422 (Tx Cr. App. 1998) ... 11

In Re Oliver 333 US. 257, 273 92L. Ed. 682, 68 S.Ct. 499 (1948) ... 6

Janecka-v-STATE 937 SW 2d. 456, 468 (Tx Cr. App (1996) ... 5

King-v-Lynaugh 828 F. 2d. 257 Rehearing Granted (CA5 Tx 1981) ... 3

Manning-v-STATE 114 SW. 3d. 922, 926 (Tx Cr. App 2003) ... 11

McBride-v-STATE 838 SW. 2d. 248 (Tx.Cr. App (1992) ... 4

Michaelwicz-v-STATE 186 SW 3d 601 (Tx. App, Austin 2006 pet ref'd) ... 3

Miranda-v-Arizona 384 US. 436. 86 S.Ct. 1602 (1966) Cr. Law 412.2(3) 517.2(3), 518 ... 11

Quinones-v-STATE 592 SW 2d. 933 (Tx Cr. App. 1980) ... 4

Pena-v-STATE 353 S.W. 3d 797 (Tx.Cr. App 2011) ... 4

Pierce-v-STATE 696 SW 2d 899 (Tx. Cr. App 1985) cert. denied 496 us. 912, 110 S.Ct. 2603 110 L Ed 2d. 283 (1990) ... 1

Sells-v-STATE 11 SW 3d 748, 759 (Tx.Cr. App 2003) ... 2

STATE ex rel, Wade-v-Stephens 724 SW 2d. 141 (Tx App-Dallas 1987) no pet. ... 3

... 11

TaiLant v STATE 742 S.W. 2d. 292, 294

US v Bagley 473 U.S. 667, 105 S.Ct. 3375, 87L 2d. 481 (1985)    3

U.S. v Daly 573 F. supp. 788    11

U.S. v Magana-AreValo 639 F. 2d. 266    3

Wright v STATE 28 SW. 3d. 526, 532 (Tx.Cr.App. 2000)    5

U.S. ConsT. V, VI, XIV    2,3,6

Tex ConsT. ART. 1 Sec. 10, 15, 19    2,3,6

Tex Code CR. Proc. Ann ART. 29.03, 35.16(C)(2) (Vernon 2011)    5

Tex Legislature intended Art. 39.14    3

Local Rules of District Couets of Madison County Tx. 12ᵗʰ And 278ᵗʰ

Judicial District (2006) EXHibt A    Addumn 9    4

The Dictates of DuE Process F. Rule Cr proc Rule 24(A)    11

Rule 773 UnpubLished Opinions Have No preccedential Value and must

not Be Cited as Authority By Counsel or By A CourT.    12

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests that this appeal be presented on oral argument due to allegations That his constitutionally guaranteed right to impartial Jury and right to due process and due course of law was denied by The trial court's abuses of discretion. The right Impartial Jury. Over 80,000 ~~sheets~~ Sheets of PAPER Extensive Paper WORK

## STATEMENT OF THE CASE

Maurice Edward LaVoie arrested April 5, 2008 alleged aggeravates sexual Assault of a Child W.H. Grimes County, PR Bond Nov 17, 2008 with 7 mths. Ankel monitor Probation Changed dismissed March 31, 2010° Arrested madison County Oct. 17, 2010 sexual assault of child W.H. Indicted Dec. 19, 2010. Judge Kramer, Judge in Both Countys Jan 4, 2011 Arraigned Plead Not Guilty. July 2, 2012 Filed motion For Continuance, recently Provided discovery, motion Denied same day. Filed motion to dismiss/mistrial July 10, 2012 violation of U.S.C.A. VI guaranteed right to Impartial Jury 13 white women Empanled July 10, 2012 motion denied. July 11, 2012 motion to Suppress Evidence denied. STAte presentd case in chief. Appll motion For directed verdict Denied, July 12, 2012 Appll Attempted to Call Expert Witness, Denied By Judge Kramer. Thus Appellant Denied A guaranteed right to due process And Due Course of Law Because of Courts abuses of Discretion. Final Arguments Heard By Jury returned a virdict of Guilty Appll Elected to go to Court For Punishment AFTER P.S.I Prior to Sentencing Sept. 4, 2012 Appll motioned For mistrial STAting improper Exclusion of competent exculpatory Evidence By Grand Jury As well As By The court during guilt/inno cence determination By The Jury motion For mistrial Denied Court Sentenced Appellant to 15 years Confinement Appllant Timely Filed Notice of AppeaL

# STATEMENT OF PROCEDURAL HISTORY

In Cause No. 10-11472-012-6 the Appellant Petitioner was charged with the offense of Sexual assault of a Child. The Appellant Petitioner was convicted of such offense on July 13, 2012 and appealed the conviction. On September the 18 2014 Court of Appeals affirmed the conviction. No motion for rehearing was filed. On DEC. 18 2014 this Petition for Discretionary Review was timely forwarded to the Court of Appeals for filing pursuant to Rule 9.2(b) Texas Rules of Appellate Procedure. REDRAFT 3-10-15

## Grounds For Review

Ground #1 - Did The trial court ERR when it did not allow Appellant The Oportunity to strike FoR CausE prospective Jurors who indicated That They Could not Consider community Supervision in a CasE with a Defendant Charged with sexual assault of A Child?, or The dismissle/mistrial of 13 White woman Jury PANel And Further violation of U.S. Const. Amend. VI The right to an impartial Jury and Grand Jury indictmENt that was obtained illegaly?

Ground #2 - Did The trial CouRT Abuse its discretion and Deny Appellant due Process And duE course of LAw by denying Appellant A requested continuance and/or The opportunity to Present Evidence on his own Behalf in Response to untimely provided discovery From The STAte "Exculpatory Evidence" And denial of Expert Witness at trial?

## ARGUMENT ONE

Grand Jury indictment of Dec 19, 2010 was an Inappropriate indictment, was handed down with no Evidence to Support Statements By W.H. And STEVEN Jeffer STATE HAd impeachment Evidence And Also Exculpatory Evidence in The Form of W.H.'s Forensic Exam By Nurse Riley And Nicki Sandavol Grimes County Dective. Exam Provided Evidence of Normal Exam. indictment unFair, Bias, prejudic, discriminatory And Partial, There For in direct Violation of U.S.C.A. VI. to impartial Jury And due process and Due Course of Law. Texas Code of Criminol Procedure 35.16(c)(2) provides when Selecting a Jury a challenge For Cause may Be made by defence if determined That Prospective Juror Has a Bias, or prejudice Against any Law Appicable to The Case which Defence is Entitled to rely Either as a defense to The Offense Being prosecuted or The mitigation There of or The punishment There FoRE. Tx Crim App. Has held a ViniRE member who is unable To Consider Probation For defendant is subject to STRike For Cause Pierce -v- STATE 696 SW 2d. 899 (Tx CRim App 1985), Cert. denied, 496 U.S. 912, 110 S. CT. 2603, 110 L. Ed 2d 283 (1990). During Voir diRE The matter on July 10, 2012. An issue arose regarding The Ability of Appellant to STRike venire members For Cause due To their BeLiefs regarding probation For a person Charged with sexual assault of A Child The Following Exchange took place outside presence of Jury. Appllants ATT. BlAZEK: WE believe Those Particular Facts, white male over 50 yrs of age And do not testify aRE permissive Facts to be added because The Juror should not Be able to Say, Oh, I would consider probation For People that weren't male of That paticular age or that did testify if gender, His race And aRE irrelevant. WE HAve age discrimination protection, gender discrimination. WE Have race discrimination protection so were allowed to Add in Race and Gender into That question. Court: That is not a proper question on Voir dire For Punishment. BlAzek: What The Court is saying we can't qualify on gender with Regard to probation eligibility. Court: Yes you can not.

Blazck: We Want to make this proffer. We Would Like to ask This question of All Jurors I want all you to assume That you Have Found some one guility of Sex. Asst. The intentionally or knowing cause the penetration of The sex organ of The Complaining witness. of The victim, by The means of Their own Sex organ: That The Child was not married to The defendant And was more Than 3 yrs older Than the victim And defendant was of a White male who did not testify. Could you honestly Even Fairly consider on a sex. asst. of A Child as Little as 2 yrs in prision and give probation as an appropriate punishment? Court: Okay. You can ask it but if They say NO Then you Can't disqualify Them For it. For your general knowledge That's Fine but Not For a challenge For CAUSE. Juror's identified Objection made. When the trial Court called For Strikes For Cause Jurors identified as would not Consider probation The Court responded No They didn't SAY That They Couldn't Consider probation So your request For your Challenge For Cause is over Rulled or Denied. Appllant renewed His objection Trial Counsel STATED Final objection as FOllows, WE believe the Failure to grant These Challenges For CAUSE violates The defendants right to A FAIR And impartial Jury That is guaranteed By The 6 amendT of The U.S. Const. Art. 1, sec 10 and 15 of Tx Const. and denies our client due process of Law and due Course of Law guaranteed by the 5 and 14 Amendt to U.S.C A; Art 1 section 19 of Tx Const. WE Believe any Juror That said They could not give/consider probation For a white male convicted of The offense of Sexuall assault of a Child is Challengeable For CAUSE. Tx Const. Art. 1 sec.(3a) which is Tx Equal Rights Amend. prohibits discrim. Further it's a Violation of due Process of Law and Would Be an unequal application of The Law guaranteed By The 14 U.S.C A. An additional STRike was requested By Appellant request was denied, The defense used a preemptory STRike on Juror But STATE Could Dismiss 2 Black males Because They worked For Sanderson FARms in Bryan/College STaTion? Tx Crim.CT. App. Has determined The test For dismissing A Juror Sells-v- STATE 11 SW3d 748, 759 (Tx Crim App. 2003) The actions of The Court Failing to Sustain Appallants STRikes For Cause, served to deny Appellants His rights to due Process and DuE Course of

Law and a Fair And impartial Jury guaranteed By U.S.C.A. and Tex Const. U.S. Const. Amend. V, VI, XIV, Tex Const. ART. I. SEC. 10, 15, and 19 XIV Section 1, 3 Section STATES Nor Shall any STATE Deprive Any Person of Life, Liberty, or Property with out due process of Law. Nor deny to any Person with in its Jurisdiction The Equal Protection of The Laws. Set 3. United STATES. or as a member of any STATE Legislature, or as an Executive or Judicial officer of Any STATE FAIL To Support The Constitution of The United States Shall Have Engaged in INSURRECTion or Rebellion Against The Same also Know as TREASON. CA5 (Tex) 1987 = Limints on Voir dire That Creats unreasonable risk of Bias or PreJudice InFecting Trial Process violates due process USCA. 14 King-v-Lynaugh 828 F.2d 257 reHearing granted CA5 (Tex) 1981 The Trial Courts discretion with Respect to Voir dire is Limited By The dictates of Due Process Fed. Rules of CR. proc. Rule 24 (A) 18 USCA US-v-Magana-ArevaLo 639 F 2d 226 Bill of Rights 1845 Art. I section 8 IN all Criminal prosecutions, The accused shall Have A Speedy Public Trial, By An Impartial Jury.

## ARGUMENT NUMBER TWO

Criminal Defendants don't have general right to discover Evidence in STATES Possession, but Have Been Granted Limited discovery by CCA ART. 39.14 Washington-v-STATE 856 SW 2d 184 (Tex CR. App 1993) Michaelwicz -v-STATE 186 SW 3d 601 (Tex App - Austin 2006. pet ref'd). TX. Legislature inTended ART 39.14 to Constitute Comprehensive pre trial discovery statute, and Crim. discovery orders must FALL with in The conFines of That article's Limited authorization STATE ex rel. Wade-v-Stephens 724 SW 2d 141 (Tex App - Dallas 1987, no Pet) The Prosecutor is Not Required to deliver His EntirE File to defense but only disclose ExcuLpatory Evidence FAVORable to The accused That if Suppressed, would deprive The accused a Fair Trial. HARM V STATE 183 SW. 3d 403 (Tex. CR. App 2006), citing U.S. v. Bagley 473 US. 667, 105 s. cT. 3375, 87 L. Ed. 481. (1985).

The decision on what is Discoverable is left to The Judge's discretion. McBride-v-STATE 838 SW 2d 248 (Tex Cr. App. 1992) citing Quinones-v-STATE 592 SW 2d 933 (Tx.Cr. App. 1980) IN Madison County. The District Court Judges Have exercised Their discretion and ordered an omni bus discovery motion in all Criminal Cases. Exhibit A Addendum 9 disposing of all pretrial discovery motions heretofore filed. it will Be considered That Order is Acceptable to DeFense pending review OF evidence and Documents as Ordered. #10 All Exculpatory Evidence pursuant to Brady v maryland And Related CASES. #11 it is to Be understood That The State will Furnish all of such above items which are in The possession of The State's ATT. or which are Known to be in Possession of The investigating OFFicers or other agents of The STATE. #12 IN Appropriate cases the STATE is Encouraged to Furnish offense Reports and STATements And WITNESS STATements How EVER reports and STATements ARE normally work product of The STATE and ARE Therefore protected From mandatory disclosure unless

The Contents aRE Exculpatory, Such STATEments and Reports Be tendered to deFense For Cross-examination under GASKIN or related requirements. #15. Appellate courts will Not disturb a trial Judges decision under Art. 39.14 absent an abuse of discretion, How Ever Trial Judge is required to permit Discovery if The Evidence sought is material to deFense of The accused. Id. Such particularized need Concern regarding The STATes compliance with This discovery Order was First Expressed in The motion For Disclosure of Exculpatory Evidence Filed June 27, 2012 where Appellants Counsel indicates, The STATE has provided The defense with a substantial amount oF Digitial information. The majority Has been review by deFense Counsel IF The STATE is aware oF any Exculpatory Evidence Contained iN Those vast amount of materials, it has a duty to bring such Evidence to the ATTention of De Fense Counsel. Pena-v-STATE, 353 S.W. 3d. 797 (Tx Crim App 2011)

Defendant is Entitled to be informed By discovery of any Exculpatory OR mitigating Evidence in Possession of The STATE Brady-v-maryland, 373 US. 83 (1963).

The Court ruled on This motion on July 2, 2012 granting it as to Turn over Brady material And Listing A compliance date of July 5, 2012 At 5 pm. The STatE Has a continuing burden of disclosure once a motion For discovery has been granted. CRANE-v-STATE 786 SW 2d 338 (Tx Cr. App. 1990). Abuse of Discretion - Denial of motion For Continuance. AT This SAME pretrial hearing on July, 2, 2012 Appellant Filed his First motion For continuance citing untimely receipt of additional discovery on June 28 and 29 motion For Continuance Denied That SAME day. Tex. Law Provides that a criminal action may be continued upon motion of The StatE or defendant For sufficient Cause Shown. Tex CodE. Crim. P. ann art. 29.03 (Vernon 2011) A trial court's overruling of a motion For Continuance must Amount to an abuse of discretion in order to constitute reversible ERROR. Wright. v. STATE. 28 S.W. 3d. 526, 532 (Tx. Cr. App. 2000)

To Find an abuse of discretion in refusing to grant a motion For Continuance, There must Be a showing that The defendant was Prejudiced By Counsel's inadequate preparation time. WRight. 28 S.W. 3d. ~~526~~, 532 ~~(Tx Cr. App. 2000)~~ Heiselbetz v STATE. 906 S.W. 2d 500, 511 (Tx CR. App 1995). Specific pre--Judice may include un Fair surprise, (STATE turned over 80,000 sheets of Paper on June 28 and 29 2012 To Defense Counsel) an inability to Effectively Cross-Examine The STates witnesses, or The inability to adduce Crucial Testimony That Could Have Been given By Potential witnesses (My son Joshua Micheal LaVoic was not allowed to testify AS STATE

MOTION in LimiNE STATE SAys Hostial witness Appellant say impeachment of W.H statement

My Exculpatory witness ⬆

Considered Him A Hostial witness As He was with The Family Through out W.H.'s time with LaVoic Family Joshua would Have impeached W.H.'s accusations of Sex Abuse) SEE. JANecka-v-STATE 937 sw 2d. 456, 468 (Tx. CR App. 1996) Where a denial of a Continuance has resulted in demonstrated prejudice, Appellate Courts have not hesited to declare an Abuse of Discretion. SEE JANeckA, 937 sw2d 468 HeisE/Betz 906 sw2d 511

Prejudice to Appellant - Denial of Due Process. Failing to grant the motion for continuance resulted in a denial of Appellants Constitutionally guaranteed rights to due process and due course of LAW. U.S. Const. Amend. V, XIV: TEX. Const. Art. I SEC 19. The U.S. Constitution guaranteed's that Criminal defendants will Have "A MEANINGFUL OPPORTUNITY to present a Complete defense". Gilmore-v-Taylor 508 U.S. 333, 343 124 L. Ed. 2d 306, 113 S. CT. 2112 (1993). The Supreme Court Has described The different ways a defendant Can avail himself of This opportunity. The Right to The testimony of witnesses, to Compel Their attendance if Necessary. In Plain terms The right to Present a proper defense, The right to Present The defendants version of The Facts as well as The prosecution's to The Grand Jury as WELL AS The trial Jury so They may decide where the truth Lies, Just As an accused has The right to Confront The prosecutions witnesses For purpose of Challenging Their testimony, he has The right to present his own witnesses to establish a defense. This right is a Fundamental element of Due Process of Law. Washington-v-Texas 388 U.S. 14, 19, 18 L Ed 1019, 87 S.Ct. 1920 (1967). This principle has been invoked in cases where trial court's have excluded evidence, Chambers-v-Mississippi, 410 U.S. 284, 35 L. Ed. 2d 297, 93 S.Ct. 1038 (1973) The Supreme Court Recognized to present evidence in one's own defense is a Critial Componet of our Criminal Justice System. A persons right to notice of A charge against Him, The right to be heard in His own defense, A Right to His day in court ARE BASIC in are system of Jurisprudence and These rights include A right to Examine A witness against Him, to offer testimony And Be Represented By Compente Counsel[1]. In RE OLiver, 333 U.S. 257, 273 92 L Ed 682, 68 S. CT. 499 (1948). The Court of Crim. APP. Has stated that a defendant has a 6th Amend. right to present a defense And His version of The Facts. U.S. Const. Amend. VI, XIV.

SEE also Coleman-v-STATE 966 S W 2d. 525, 527-28 (Tx Crim. APP (1998) (op. on rehearing). 410 U.S. at 287 The Court reversed The decision of Trial Court Explaining the "The right of an accused to due process is ⊕ IN ESSENCE, The right to A FAIR

(1) Appellant's Counsel BLAZEK Had STROKE middle to End of 2011 STILL Suffered EFFECTS From Stroke Durning my Trial in 7, 10, 2012 2y ineffective Counsel. Page 5 Appellant Opinion    └ Counsel Stated might Have Been an "OVERsight"

Opportunity to defend Against STATE accusations The right to Call witnesses in one's own defense is Essential to due Process" Id. at 294. AFTER motion For Continuance was denied on July 2, 2012 Counsel For Appllant Filed A motion to Dismiss Prior to Jury selection July 10, 2012 again recent And untimely disclosure of Exculpatory Evidence motion denied jury was Selected. As the TRiAL progressed during Cross-examination of The Nurse Riley on July 11, 2012 it was revealed to defense that in addition to EntiRE Contents of Nurse Riley's Report, not Being disclosed to Appellant pretrial photos WERE taken during EXAM (Forensic) of W.H.'s Hymen Was intact and Normal, aLSO A WEEK Prior to trial STATE discovered Exculpatory Evidence that alleged Victim's Hymen was intact and Normal Their was NO Brusing, Bleeding, tearing, NO Little scars, No cuts, No Trauma of any Kind No Lacerations, Colposcope CAUSED W.H. Extream discomfort W.H. CLaimed Fabricated Allegation penetration of Vigina 2 or 3 Times a week For 4 months. Alleged Assault occured on March 27, 2008 (SAT). Forensic Exam March 29, 2008 36 to 40 Hours Later Nicki SANdavol Dectiv. Grimes County in attendence durning Forensic Exam of W.H. SANdavol Sandavol Then get Copy of Exam as well as Pictures of W.H.'s Hymen put on C.D. and REturned to Grimes County STATE Has possession of W.H.'s Exam on C.D. plus written Report. March 29, 2008 STATE refused and Ignored Court order of July 2, 2012 ordering Brady material (Exculpatory evidence) turnel over to defense By July 5, 2012 By 5pm. This is attempeted 11 hour prosecution By STATE Plus objection to Expert witness For defense. Court refused Expert Testimony and denied Expert testimony Because defense Failed to disclose Expert witness Art. VII Rule 704 states Opinion or Ultimate issue - Testimony in the Form of An opinion or Inference outherwise admissible is not objectional because it Embraces An Ultimate issue to be decided By The Trier of Fact. Art. VII Rule 705(A) Disclosure of FActs or DATA Underlying Expert opinion (A) Disclosure of FActs or data" The Expert MAY Testify in Terms of opinion or Inference And Give The Experts Reasons ThereForE without prior disclosure of The underlying Facts or data, unless The Court Requires outher wise. The Expert witness May in any EVENT disclose on Direct EXAMination, or be required to

disclose on Cross-Examination The underlying Facts or Data. Appellant Re-urged his previously Filed motion For Continuance Judge Kramer Denied motion again Appellant was Left with no recourse but to Rest His Case. Abuse of Discretion A Trial courts decision to Exclude Evidence is reviewed under an abuse of discretion standard Burden v State 55 S.W. 3d. 608, 615 (Tx Crim. App 2001) An abuse of Discretion occurs if The Judges decision Lies outside The Zone of Reasonable disagreement and also complete and utter disreguard For The Rules of Criminal Procedure as well As U.S.C.A. V, VI, XIV, And Tex Const. Art 1, sect 10, 15, 19 As well as Tex Code Crim. P. Ann. Art. 29.03, 35.16(c)(2) (vernon 2011) Local Rules of District Courts of Madison County 12th And 278th (2006) This Case was and is a MALicious Prosection and a Fabrication of Evidence, Professional MALpractice Complete abandonment By STATE to Due process and due Course of Law Judge Baird would Reverse Appellant's Conviction on This Point Because He Believes The Question of Procedural De Fault to Have Been Abanded By The STATE Tailant-v-STATE 742 sw 2d 292, 294 "Review of Facts"

W.H.'s testimony of Sexual assault By Organ of Accuse Penetrating sex Organ of W.H. 2 or 3 Times a week For 4 months. Nurse Riley's testimony states W.H.'s testimony is inconsistant with The resualts of The Forasic Exam Impeachment of W.H.'s testimony. Witnessed By Nicki Sandaval Grimes County Detective Pictures of Exam Also impeach W.H.'s testimony. again Witnessed By Nicki Sandaval Grimes County Dective, Dr. WElls Testimony. From The Photoes of W.H.'s Exam it is Inconsistant with some one HAving Sexual inter Course 2 or 3 Times A week For 4 months Leading up to EXAM, once again impeachment of W.H.'s testimony W.H.'s OWN Anatomy testifys Against Her. Appellant pled Not Guilt to Sexual assault of W.H. also impeachment of W.H.'s Testimony. ⑤ Grand Jury Indictment is illegil And a Fraud Grand Jury indicted on STATEMENT of W.H. NO Evidence or FActs Presented to Form A Fair opinion of CasE, Shows State's Procedural to Due Process And due Course of Law as well as A Bios, preduice, discriminatory, And Flagarent Disreguard For us and TX Constitution Rules of Criminal Procedure

No Corroborated

A Whole Laundry List of Things They were Looking For Their
Evidentary Warrent Things associated with and Probative of whether or not:
Someone is A pedophile or Sex Abuser of Children Fact His not their (1) inconsistent with
Childs Report (2) its inconsistent with OFFICERs notion of what you would expect

Grand Jury
Organized Term A.D.
July 2010

Judge Kramer abused His discretion on several occasions  In Grimes County in 2008
when appellant was Arrested April 5, 2008 was Release Nov. 17, 2008 in Carserated county Jail
For 245 day no indictment! (180 days) iF no indictment person release, Violation of Rights
By Judge Kramer Apon Release P.R. Bond $5000 dollar, SEE Probation oFFicer And Ankel moniter
For 7 months, so violations of Const. Rights Violated started in 2008 April 5. And Continued
on Thru Sept. 2012 Violation of U.S. and Tx Const. Rights For 5 years 7 months. Grimes
County Detictive Nicki Sandaval Tried to Execute a search warrent on 402 Woodrow
in March 29, 2008 in Grimes county For Madison County Home. Was successFul in May 26,
2008, 29 days Later signed By asst disterict Attourney Travis Higginbotham House
Located 402 Woodrow MadisonVill, madison County, TX. house was Not Sealed By Madison
or Grimes County. My Spouse And Her Sisters and Brother took 2 Truck Loads From House
LandLady Margie Robison Her Son, Daughter, grand son also Took 2 Truck Loads From Alleged
Crime Sceene Neighbor Marty, ms Robisons maintaince mad Took A/c window ounit out and got in

House unlocked Doors and Changed Lock's Contaminated Crime SeceNe Alleged
AT Least 12 people in and out of House. Them ~~official entry~~ Taking Things out as
warrent Served
well as Bringing Things in. another Procedural DeFault! on May 26, 2008 Then grimes
County Seals Alleged Crime Secne Defense motion to suppress Denied By Judge
Kramer Search warrent was not SpeciFic as to what Could Be seized By Nicki Sandaval,
Computer skized For Child Pornagraphy. Seceret Service Stated no Child Porn no Porn Found
W.H. said ~~a Suck it~~ Ejaculated on Bed Cover sheets Pillows and cases taken to Forni's Crim Lab to test For
Seamon, hair, skin, DNA Found seamon stain "Unknown" W.H. Claimed Appellant and Her smoked
marjaina Appellant Tested For drugs Hair Follicules, And Salivia result For drug use Negitive.
W.H. was not Tested! Sandaval Produced AN Empty Pack of Zig Zag Orange PaPers not mine, Could oF
Been any one's No Finger Prints on Paper Zig Zag  Search also produced A lingerie From 3
Boxs Full of Lingerie. Small See through Skirt with A stain on it. Was Not SENT To

Forsic Crim Lab For Resualts why? W.H. STATED I made Her were This to Bed
forensic
Lingerie skirt not tested For Hair Follicals, skin tissue, Seamon sample, was implied By
State, stain was seamon Had Circle draw around stain. I Have Show The Court Judges

2,

9

A remarkable amount Procedural Defaults Created By The STATE, Madison County, Appellant And Facts And LACK of evidence Speaks For it self. Appellant sees This as a Malicious Prosection By STATE with The intent to Harm LaVoie Family and Appellant. This multi Agency Prosectitution = C.P.S., Grimes County, Madison County, ATTourney General, Texas Ranger's you would Think out of all Theses Agencys At Least 1 is not more were Trained in The Art of Proper Procedure of Professional Investigation. Just BecAuse a Child cry's Sexual Assault Does not mean it Happened And to Believe it with out Proper Investigation to Both Sides Equally you Have A miscarriage of Justice. Resualting in distruction of Familys Defemation of A Person And innocent People in Prison Appellant Has violation Violation of U.S.C.A. V,VI, 14, Tex Const. Art 1 sec. 10,15,19  Conduct Code of Criminal praxedure

Also Oath of Judges And Oath of ATTourneys to up Hold U.S. Constitution so Help me God! Rules of Criminal Court Procedure, WE Have Frabricating Evidence to mAke STATE Look Good The years and Dates Have been Changed. useally, Tramatic Events Stay imbedded in The mind Dates time, Location, ETC. I remember all The dates, Locations, And The horror of Jails And Now Prison You will Find upon investigation of The Days, months, and years, I am correct. Why is it That W.H. cannot Remember Specific days, times Locations Birthday ETC. why is All of STATES FActs and Evidence out of date? And why does FActs and Evidence of STATE impeach Testimony of W.H.? Why was Expert Witness Dr. Wells Appellants witness Not allowed to testify? Because His testimony Would of swayed The Jury Reaching A Virdict of Not Guilty. STATE Failed to Supply FActs and Evidence (By Proponderanc of Evidence) to the Jury Appellant motioned For Directed Verdict By Judge Kramer motio denied Why?

8 days Prior to trial - Privet InVestigator Hired July 2, 2012

Legal Burden of Claimant reguarding Proof That Certain group is Cognizable (13 White Ladys Jurors) Identifiable is same weather under Amend. 5 on 6 USCA. 28 USCA § 1861 et seq US-V- Daly 573 F. supp 788

Due Process maybe offered if Jury Panel is selected in ARbitary and discriminatory manor USCA 14 Aldrich-v-state 928 SW 2d. 55 8. Const. Remains Supreme Law of The LAND And Should be Obeyed Cramer-v-sheppard 167 sw 2d. 147 140 Tex 271 Unintentional conduct of STATE official, more Culpable than Negligence may Constitute Denial of Due procEss Sufficient to Support 1983 Action USCA 5,14 42 USCA 1983 Salas-v-Carpenter 980 F 2d. 299 Goodson-v- City of Corpus Christi 202 F. 3d. 7301, Gilbert-v TEXAS Chapter 31 28 § 530 (B) The dictates of Due Process F.rule CR Proc Rule 241(A)

Absolute, inalicable, and inherent right's

ABUSE of Discretion - Exclusion of Testimony an abuse of Discretion occurs if The Trial Courts decision Lies outside The Zone of reasonable disagreement, Manning-v-STATE, 114 S.W. 3d. 922, 926 (Tx.CR. App) In determining whether The Trial Court abused its discretion The Reviewing Court is to View The ruling in Light of The EVidence that was before The Court at The time of its Ruling Hoyos v-STATE 982 SW. 2d. 419, 422 (TxCR App 1998) In File Folder I Know issue 3 is Long but it is The Best I Can do to Compact 8 years From 2001-2008 The Days and years and months are Correct The Cronilagical order is Correct. Events Can and Will Explain How this accusation Came About. Who The Puppet Master is, The manipulation process of The mind of a child W. H. is child of HARM v state 183 sw. 3d 403 (Tx CR App, 2006) CPS Jodi Sanford I's Puppet Master took my Children 2 times 2007, 2008. Miranda-v-Arizona 1966 Doctrine that a Crim. Su Suspect In Police Custody must Be informed of Certain Const. Rights Before interrogation or Questions Ranger Steven Jetter Came with Arrest warrent He stated I don't HAVE The right to Be mirandized Because I was not under Arrest and I WAS Interrogated and Question Prior to || Being Mirandized

Judge Kramer STATES I hope That we Have--well made an ATTempt to Run it Relatively EFFiciently, "I Know that's not The CASE. During Voir dire Judge Kramer says: I CAN Honestly say in 39 years 9 month I HAVE NEVER Had an all Female JURY

11th Court of Appeals Cites as AuThority = See STrawn-v-STATE NO. 2-02-170-CR 2003 WL 21235537 at 2-4 (Tex. App. - Fort Worth May 29, 2003. pet. ref'd) (not designated For Publication) Page 7 Last Paragraph A Variance Exists when There is a discrepancy Between alligations in The Charging Instrument and The Proof at Trial CASE OF EX PARTE Randall Believed Grand JURY narrowed Their investigation And Relied on Selective Information and did not Look at all The in Formation That was Exculpatory And Possibley Point to oyther pape as perpetrators

This is iN Direct VIOLation of RuLE 77.3 Code of Crim. Proc.

RuLE 77.3 STATES Unpublished Opinions Have NO preccedential Value and must Not Be Cited as Authority By CounseL or By A Court.

(I) alleged offense sexual Assualt March 27, 2008. April 1, 2009 W.H. in Foster Home Was removed From LaVoie's March 29, 2008 with 4 outher Children.

II W.H. STAYed in Austin For 7 months under going treatment W.H. PLACEd BACK in LaVoies Home occupied By SpousE and 6 other Children 2 older 4 younger W.H. had NO Friends or Any School Activity (1 SPElling Bee) W.H. and 4 younger Children repord By C.P.S. Jodi SanFord CV. Trial wone 11 yr. Joshua Return Aug. Aylissa, Luis, Joseph (7)yr (6)yr (2)yr Year 2007 Wednesday W.H. Dec. 402 woodrow. Children HomE 4 months, now alleged (14) yr. offense is April 24, 2009 Children Still in Foster HomE All Children Removed March 29, 2008 By C.P.S. Jodi SanFord (III) Prospective Jurors Empaneled July, 10, 2012 13 white woMeN motion to dismiss/mistrial Denied, To Present Expert testimony, Untimely Exculpatory Untimely Provide By State motion For Continuance Denied (IV) Code of Crim. Proc 704, 705 A are Just 2 guiding Rules (V) A 13 white Ladys Empaneld Already Gender Bias, Prejudice, discriminatory, sex, Age, Race now added By #29 Mrs Risinger (B) Dr Wells MD. Expert witness For defense As Well as Prosecution For over 22 years Rule 704, 705(A) Apply. Court Could of ERRED on The side of Caution Pre-trial motion For Continuance Denied Defense recived on June 28, 29 over 80,000 Sheets of Paper From 3 CV Trials Envolving LaVoie And C.P.S. Extensive Paper work. Grime County Nicki Sandoval Detictive Had written Report of Exam as well as Photographs in C.D. Form (in STATES Possission) investigator hired July 2, 2012 8 days Prior to trial CASE 5 yrs. old Tracking deFense Witnesses not much Luck Every one moved. Court Sustained STATES ObJection Appellant Has still not SEEN Photographs (C) STATE Acted in bad Faith. Nurse Riley, Dr. WElls, FornisE Exam, C.D. all impeach W.H. Testimony of Sexual assualt By Penetration, July 25, 2011 STATE Should of Turnd over all Exculpatory Evidens (12) I do not AFFirm Court's Rulling Bias

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, there being reversible error appearing in the record of this trial of this case, the Appellant moves the Court to enter judgment of acquittal or, in the alternative, to reverse the conviction and remand the case to the trial court for further proceeding as Appellant may be entitled.

Respectfully submitted.

By: _Appellant Maurice Edward LaVoie_

## CERTIFICATE OF SERVICE

This is to certify that on March 10 2015, a                    copy of the above document was served on OFFices Listed BeLow         By U.S. MaiL

Madison County Crim. Dist. ATT
101 W. MAin ST. 207
Madisonville Tx 77864

STATE Prosecuting Att.
P.O Box 12405
Austin Tx 78711

Maurice E. LaVoie



In The

# Eleventh Court of Appeals

No. 11-12-00296-CR

MAURICE EDWARD LAVOIE, Appellant

V.

THE STATE OF TEXAS,

On Appeal from the 12th District Court
Madison County, Texas

## MEMORANDUM OPINION

Maurice Edward Lavoie appeals his conviction of sexual assault of a child. The jury found him guilty of sexual assault of a child and Appellant opted for the trial court to assess punishment. The trial court assessed his punishment at confinement for a term of fifteen years. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 22.011 (West 2011).

## I. The Charged Offense

The grand jury returned an indictment against Appellant for the offense of sexual assault of a child, alleging that on or about April 1, 2009, Appellant intentionally and knowingly penetrated the sexual organ of W.H., a child who was then and there younger than seventeen years of age, with his sexual organ. A person commits the offense of sexual assault of a child if he "intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means." PENAL § 22.011(a)(2)(A).

## II. Evidence at Trial

W.H. testified that, when she was seven years old, her father was sent to prison for sexually abusing her; her mother also was sent to prison for witnessing the abuse and failing to act. W.H. then moved in with Appellant and his family in Bedias, Texas. Two weeks after being placed in Appellant's home, Child Protective Services (CPS) moved W.H. to a foster home in Austin. W.H. stayed in Austin for less than a year before she was returned to Appellant's home.

Shortly after W.H. returned, Appellant reached for her hand and asked, "If you can do stuff with your real dad, why not me?" Appellant then made W.H. "rub" his penis outside of his clothes. W.H. was eight years old at the time.

When she was nine or ten years old, Appellant forced W.H. to perform oral sex on him. Appellant also forced W.H. to give him "hand jobs," and he began touching her vagina and chest over and under her clothes. Before W.H. was allowed to go to a friend's house or leave for a school activity, Appellant made W.H. give him a "hand job" or a "blow job."

CPS removed W.H. from Appellant's home once more when she was fourteen years old. Nine months later, W.H. moved back into Appellant's home, which was then located in Madisonville.

2

2. MARCH Sat 27, 2008

A couple of days after W.H. returned, Appellant began making her give him "hand jobs" and blow jobs," and the sexual activity shortly progressed to sexual intercourse. W.H. noted that, over the course of the next several months, the sexual intercourse occurred "sometimes every other day, sometimes every three days." W.H. recalled a specific incident that occurred on April 24, 2009, during which Appellant came home from work angry and forced her to have sexual intercourse with him.

### III. Issues Presented

Appellant presents two issues on appeal. First, Appellant argues that the trial court erred when it denied his challenges for cause to prospective jurors who indicated that they could not consider community supervision in a case with a defendant charged with sexual assault of a child. Second, Appellant contends that the trial court abused its discretion and denied him due process and due course of law when it denied his motion for continuance and refused to allow him to present testimony to rebut untimely provided discovery by the State.

### IV. Standard of Review

When reviewing a trial court's decision to grant or deny a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the court's ruling. Patrick v. State, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995). We give great deference to the trial court's decision because the trial judge is present to observe the demeanor of the venireperson and to listen to his tone of voice. Id.

The trial court's denial of a motion for continuance is reviewed for an abuse of discretion. Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). We also review a trial court's decision on whether to allow a witness to testify for an abuse of discretion. Johnson v. State, 233 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2007, no pet). A trial court abuses its discretion when its ruling is

3

arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

## V. Analysis

### A. Denial of Challenges for Cause

Through his first issue, Appellant argues that the trial court erred when it denied his challenges for cause to prospective jurors who indicated that they could not consider community supervision in a case with a white male defendant charged with sexual assault of a child. At oral argument, Appellant recognized that this issue is moot, given that the trial court assessed his punishment. We agree that the issue is moot for the reason cited by Appellant, and we also note that none of the prospective jurors that Appellant challenged for cause actually sat on the jury that assessed his guilt.

### B. Denial of Motion for Continuance

Appellant argues in his second issue that the trial court abused its discretion when it denied his motion for continuance and when it refused to allow him to present the testimony of Darrel Wells, M.D. Appellant argues that he was denied due process and due course of law through the court's actions. We recognize that Appellant's second issue is multifarious, but we review both arguments in the interest of justice. *See* Tex. R. App. P. 38.1; *Davis v. State*, 329 S.W.3d 798, 820 (Tex. Crim. App. 2010).

We review a trial court's denial of a motion for continuance for an abuse of discretion. *Janecka*, 937 S.W.2d at 468. In reviewing such a decision by the trial court, we bear in mind the general interest in the fair and efficient administration of justice. *Rosales v. State*, 841 S.W.2d 368, 375 (Tex. Crim. App. 1992).

There are no mechanical tests for determining when a denial of continuance is so arbitrary as to violate due process. *Id.* at 374. Instead, the answer must be found in the circumstances present in the case, particularly the reasons presented to

4

the trial judge at the time the request is denied. Id. In the absence of an abuse of discretion, there generally can be no violation of due process. Nwosoucha v. State, 325 S.W.3d 816, 828 (Tex. App. – Houston [14th Dist.] 2010, pet. ref'd).

Prior to trial, Appellant filed a motion for continuance, asking for more time to review evidence that the State had recently given him.[2] The trial court denied the motion. During trial, Jane Riley, a pediatric nurse practitioner, testified that she performed a child sexual assault exam on W.H. in April of 2009. Riley stated that the results of the examination were normal but explained that such a result was common for child victims of sexual assault. Riley noted that she took photographs during W.H.'s exam but stated that she had not brought them with her or given them to the State.

After Riley testified, Appellant informed the trial court that he had just requested the State to supply him with the images taken during Riley's examination of W.H. Appellant further informed the trial court that he might call a doctor to testify in order to explain the photos to the jury on the following day of trial. In response, the trial court asked Appellant why he did not use his own investigator to obtain the photos and noted that testimony regarding the photos would be very similar to testimony already given by Riley. Appellant's attorney recognized that it might have been an "oversight" on his part.

At the start of the next day of trial, Appellant attempted to call Dr. Darrel Wells as a witness. Appellant explained that Dr. Wells intended to testify that the photographs Riley took of W.H. were not consistent with someone who had engaged in sexual intercourse two or three times a week for the four months leading up to the exam. The State objected, arguing that the defense had been ordered to designate all expert witnesses before the start of trial.

_____

[2] This evidence consisted of a list of extraneous bad acts that the State intended to introduce at trial and a report issued by the Secret Service that stated that no sexually oriented material was found on Appellant's computer.

5

Appellant contended that Dr. Wells should be permitted to testify based on the fact that he only learned of the need to call Dr. Wells after he obtained the photographs and found that they contained exculpatory evidence. The trial court once again noted that Appellant had been provided funds to hire an Investigator[A] and stated that he could have obtained the photographs from Riley before trial.[B] The trial court sustained the State's objection and refused to allow Dr. Wells to testify.

Appellant then re-urged his previously filed motion for continuance, based on the State's "last minute disclosure of evidence." The trial court denied the motion. Although Appellant argued at trial that his motion for continuance was based on the State's "last-minute disclosure of evidence," Appellant was not surprised by the contents of the photographs.[C] According to counsel, the photographs showed results consistent with the written report Appellant previously received; both the photographs and the report indicated that W.H.'s exam results were normal.[3]

Furthermore, Appellant has failed to show how the trial court's refusal to give him more time to investigate the photographs prejudiced his defense. See Janecka, 937 S.W.2d at 468 (stating that, to show an abuse of discretion, an appellant must establish that the trial court's denial of his motion for continuance actually caused him prejudice). We find that the trial court did not abuse its discretion when it denied Appellant's motion for continuance. Given that finding, we also conclude that the trial court's action did not violate Appellant's rights to due process and due course of law. See Nwosoucha, 325 S.W.3d at 828. We overrule Appellant's challenge to the trial court's denial of his motion for continuance.

---

[3] Appellant's trial counsel stated that he had read Riley's written report and that he understood, based on the report, that W.H.'s hymen appeared "intact and normal."
BASED

A. Investigator Hired 2 weeks Prior to Trial.

B Hippa rule Applies.

a. Was surprised By Photographs still Have not seen photographs of W.H. EXAM.

6

## C. Refusal to Permit Witness to Testify

We now turn to Appellant's challenge of the trial court's refusal to allow him to present the testimony of Dr. Wells. We review a trial court's decision to prohibit a witness from testifying for an abuse of discretion. Johnson, 233 S.W.3d at 114-15. In reviewing such a decision, we consider (1) whether the party's action in failing to timely disclose the expert witness constituted bad faith and (2) whether the opposing party could have reasonably anticipated that the undisclosed witness would testify. Id. at 115.

There is no evidence in the record that Appellant acted in bad faith in failing to timely disclose Dr. Wells as a witness; however, there is evidence that Appellant failed to act with diligence and that his conduct left the State with no time to prepare for Dr. Wells's testimony. Appellant received notice on July 25, 2011, that Riley was to serve as an expert witness in this case, and the case did not go to trial until July 11, 2012. Appellant therefore had ample time to request the photographs from Riley and to designate an expert witness to testify on the photographs. Appellant's failure to diligently comply with the discovery order in this case provided the court with justification to deny his request to allow Dr. Wells to testify.

Additionally, Appellant has not shown how Dr. Wells's testimony would have affected the outcome of this case. See Strawn v. State, No. 2-02-176 CR, 2603 WL 21235537, at 2-4 (Tex. App.—Fort Worth May 29, 2003, pet. ref'd) (not designated for publication) (holding that, because the defendant did not show that the expert witness's testimony was relevant, the trial court did not err when it enforced the discovery order). Riley explained to the jury that W.H.'s exam was normal and noted that it was possible that W.H. had not experienced penetration. Thus, Appellant has failed to establish how Dr. Wells's testimony would have affected the outcome of this case. We find that the trial court did not abuse its

7

discretion when it excluded Dr. Wells's testimony. In light of that finding, we also conclude that the trial court's action did not violate Appellant's constitutional rights to due process and due course of law. See Nwosoucha, 325 S.W.3d at 828. Accordingly, we overrule Appellant's second issue.

## VI. This Court's Ruling

We affirm the judgment of the trial court.

MIKE WILLSON
JUSTICE

September 18, 2014
Do not publish. See TEX. R. APP. P. 47.2(b).
Panel consists of: Wright, C.J.,
Willson, J. and Bailey. J.

8

September 25, 2014



In The

# Eleventh Court of Appeals

No. 11-12-00296-CR

MAURICE EDWARD LAVOIE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 12th District Court
Madison County, Texas
Trial Court Cause No. 10-11472-012-6

## REbuttLE oF OpiNioN

## I do NOT AFFiRM

See TEX. PENAL CODE ANN. § 22.011 (West 2011)

# I. The Charged OFFENSE

The grand Jury returned an indictment against Appellant For The offense of Sexual assault of a child W.H. on December 19, 2010 The alleged offense was said to have occured was March 27, 2009 in Grimes County No Indictment was issued. Case was dismissed on March 31 2010. 24 month Later 7 of which was an ankle monitor And Probation From November 17, 2008 – June 10, 2009 in Grimes County Then October 18, 2010 Indicted December 19, 2010 By grand Jury with Inculpatory Evidence only Presented NO EXCULPATORY Evidence Presented Grand Jury Indictment was A Fraud Violation of Due Process and Due Course of Law Constitutional Amendment VI

# II Evidence AT TRial

W.H. At The age of 7 testified That Her Father Never Sexually Abused Her. She Told C.P.S. And Grimes County Sheriff Dept. was not till W.H. was 13 And IN A MENTAL INStitution For Hearing Voices, Cutting her Self, 8 people Living inside Her Head, FLASH BACks, Having Visions. W.H. STATEment of Sexual abuse From Father And Grandmother STARTED 2007, 2008 while at Cedar Crest Mental Institution was in TRip Group therapy. All Bad Acts of Acustions stated By W.H. was Learned in Cedar CREST. W.H. Had No Friends but LaVoie Family (7) children, 2 older 4 younger. And NO School Activitys (1) Spelling BEE. Court of Appeals STATES over Next Several months This occured, W.H. returned Home in Madisonville December 27, 2007 was Removed March 29, 2008 with anther (4) Children ARRESTED April 5, 2008 By Grimes County Released Nov, 17, 2008 W.H. Had Privet Conversation with

C.P.S. Worker March 26, 2008 (Friday evening 5:30pm) Jodi Sanford madisonvill Texas At Woodrow House Pushed outher Child Aylissa age 7 Back inside of House No Adualt Around But Sanford C.P.S. Worker Saturday March 27, 2008 Alleged Assualt 11:30pm. Monday March 29, 2008, W.H. Calls C.P.S. Sanford From School Alleging sexual Assualt Forensic interview 9 or 10 Am Exam By Nurse Riley of W.H. with Nicki Sandoval (Neeley) Grimes County sheriff's Office Assigned to Criminal Investigation Division

## III  Issues Presented

Appellant does Argue trial Court Did Erred when denied His Challenges For Cause to prospective Jurors (Juror #29) MRS Risinger (Female) White prejudice Against White male over age 50, No Community supervision in a Case Defendant Charged with sexual Assault of A Child ~~min~~ min. punishment Now Jury Empaneled 13 White Ladys not only Prejudice, But Gender Bias Sex, Age, Discrimination, We No Longer Have An Impartial Jury but A Partial Jury Direct Violation of U.S. Const. Amend VI right to Impartial Jury. Appellant Filed Motion to Dismiss on July 10, 2012 Day Jury was Empanled motion Denied Also motion to dismiss Prior to trial For recent and untimely disclosure of Exculpatory Evidence A 13 white Female Jury with Allegations of Sexual assault of 14 year old (Female) girl. Second Appellant Contends That trial court Abused its discretion For Continuance And Refused to Allow Expert Witness Dr. Wells 22 ys Knowledge of Child sexual Assualts Casses Has Witnessed For Prosecution as well As Defense Dr. Wells needed to Rebut untimely Exculpatory Evidence Provided By State As 11 Hour Prosecution

2

## IV. STandard of Review

Appeal

CourT Did not Look At EntiRe CASE over 80,000 pieces of Paper Appeal CourT Skimmed Appellant's Appeal BRiEF to SEE BASES oF AppeaL RefusEd oraL ARqument By Appellant Appeal CourT BASEd Opinion on StAte's BRiEF With FABRicAtion of EvidencE oFFERED By Madisonville D.A.'s oFFicE (BryoN Risinger And ATTourny General's asst. Ms. Goodman) AppeaL Courts Also review a trial Courts decision on Wheother to Allow A witness to testify FoR an AbusE oF DiscRction. Not AppropriatE CASE citing FoR Expert WitnEss. ARTicle VII Rule 705 (A) DisclosurE oF FAct oR Data "The Expert may Testify" IN Terms oF OpinioN oR INFerENCE and givE The Experts Reason's. ThERE FoR without PrioR disclosurE oF The undeRLying FActs oR DAta, UnLess The CourT RequiRES outhERwise, The ExpERT may iN any Event disclose on DiREct ExamiNation, or be requiRed to disclosE on Cross-EXAMINaTioN, The underlying FActs oR Data. 11Th Court oF Appeals states A TRIAL Count AbusES its discRetion when its ruLing is ARbitaRy, unreasonable oR Without ReFerence to Any guiding Rules oR legal principles Article VII Rule's 702, 703, 704 Opinion on ULtimatE IssuE - Testimony IN The FoRm oF an OpinioN oR INFerENCE outher wisE Admissible is Not Objectionable, BecausE it EmbracEs AN ULtimatE issuE to be decided by The Trier oF FAct' Rule 705 (B) (C) (D) PARAgraphs ARE Based on The FORMER Criminal RubE ARE mADE Appicable to CiviL CASES This Rule does not Preclude A pARty inany CASE From Conducting A Voir dirE EXAMINation into The QuaLificAtions oF an Expert (OR WEll's) Also U.S. Const. Amend V, VI, XIV and also TexAS Const. Art. I sec. 10, 15, 19, And Tex Code oF CRim Proc Ann Art. 29.03, 35.16 (e)(2)(VerNoN 2011) Exhibit A LocaL Rules oF The District CourT of MAdison County

3

All TheseAnd morE ARE guiding Rules And Legal Principles. U.S. Const
TexAs Const. Bill of Rights. All Supersede's Appeals Cort Courts
Opinions. Why do we HAVE A Book Called Code of Criminal Proc?
Opinions are Like NOSES Everyone Has one.

## V Analysis

### A. Denial of Challenges For CAUSE

Appellant argues the trial Court did ERROR when it denied His
Challenges FoR CAUSE, AT ORAL argument 11th Court of Appeals
STates this is a moot issuE given that The Court Assessed
punishment, Wrong again Had Appellant Had impartial Jury
Ourning guilt/Innocence determination by The Jury Court would
not of Assessed Punishment A impartial Jury would of Found me
innocent of Allegations made By W.H-

### B Denial of Motion For Continuance

11th Court of Appeals is Correct in STATing that the Second
issue is Multiable times denial of Motion For Continuance
Volume 2 of 9 (Motions) DuE process requires that there Be A
FAiR GRAnd Jury That gets to SEE ExCulpatory Evidence if it
Exists. Now This Grand Jury becausE of The Chronology of
Events The Grand Jury didn't SEE The Report, A FAiR minded
Grand Jury who decides whether or not to indict should of
seen The Report. NOW WE Know they didn't SEE it. He hAsn't
Been tried or prosecuted or Convicted yet, So Lets Be FAiR
to Appellant. Lets (Client) Lets dismiss This indictment And
Let A Grand Jury HAVE A New Show without Having

4

Evidence For whatever Reason not Shown to Them, Let Them SEE all of it Let Them see that there's NO PORN on The Computer Let Them see, you know That The report -- when I SAY normal, It's Because There was A Box She HAd to Check on diagnostic Impressions And She Could Check Either normal on abnormal And She Checked normal. it Was A normal observation she did indicate redness but she didn't Think that. For whatever reason That made it other than normal. (MOTION is denied) Judge Kramer SAYS AS Opposed to Judge Ernst, I do Enjoy signing my name to pieces of paper That people can use to over turn my Judicial ART.

Judge Kramer Also STATES C.P.S. we know what Happens! W.H. was Put on a number of different Medications At That Time, it goes to The Relevance Later on about aFter She was At The mental IN-stitution and on Those medications Then Approximately Four months Later is when she SAYS she was sexually assaulted by our Client Judge: whats the Relevance? Counsale it goes to Her mental STATE And Her Crediblity. Judge K; That she went to A mental Hospitial and took medications? Counsel well That she was seeing visions and Having hallucinations. These high Duty medications one Zoloft And Resperdal Counsel The STATE I know wants to offer That There were Acts of Sexual assault prior to Her going to The mental hospitial But W.H. repeatedly denied those And Continued to deny Them un-till she got out of The Mental Hospitial where she took phychotropic medications And Then her mind Changed And Now She remembers things Court: I mean back in the wonderFul days prior to Robinson and Daubert And all Those sort of Folks we were able to throw anything in The Jury Box Just about whatever we wanted to Appellant Believe's W.H.'s testimony was The Result of Manipulation

and a Dream Fantasy. We did make a proper request And They Acknowledged That it's been months ago For a Request For extraneous offenses. And particularly these type of extraneous offences under this Rule And we believe their notice was is inadequate to notify us of any particular other Extraneous offence. Just to generally say There were A bunch of other offenses we inteND to prove against This ChilD is inadequate Court Yeah. WElL That is -- That is Technically denied Attourny General your Court your not planning to get into That in voir dire are You? A.G. Voir dire? Court: Yeah A.G. NO, no Court OK. Counsel There HAs to Be proper notice That we Requested That's built into The Rule itselF That There Has to Be proper Notice, STATE Has Failed us on proper Notice Court: Okay. As I SAid earlier its denyed. D.A. Risinger As A Search warrant Case I Have the Ability to say why do you Think it's not a Valid Search Warrant? Appellant First it took 29 days to get A Search Warrant Second The House on Woodrow where alleged assualt occured was not Sealed By MAdison County or Grimes County W.H. STAtement March 29, 2008 Appellant arrested April 5, 2008 House was RANsacked By LANdLady Margie Robinson, Her Son, Her daughter And grandson, maintance man Marty Next door Neighbor took Window AC out stole it Crawled Through Window unLocked All 3 Exit doors 2 inFront And 1 in back ransacked house My Spouse Her 2 sisters And Brother From Houston took 2 truck Loads of STuFF From House my daughter HAd Key, my Oldest Son Had Key Both took Things This was A Contaminated Crime SceNE, But Court of Appeals in Reviewing such A decision By trial Court we bear in mind The general interest in The FAIr And EFFicient administration of Justice For The STATE not For DeFencE. During trial Nurse Riley testiFied That The results were normal Riley Also noted That she took photographs durring W.H.'s Forensic EXAm on March 29, 2008

6

Just 36 to 40 Hours AFTER Alleged assault of W.H. Their was NO Tearing, NO Lacerations, no Trauma, no Brusing Hymen normal, Intact Could not use Colposcope Caused W.H. Extream Disconfort, also NO Seamon, no Hair, no Skintissue nothing W.H.'s Exam says Normal, intact Hymen. Nurse Riley says inconsistant with Accusation on Sexual Intercourse if it's A Brand-new Injury I can see bruising, Bleeding, cuts, All kinds of Trauma on W.H. nothing. Nurse Riley states but I Think reason and Logic would say it's not likely That someone ~~that~~ would suffer what W.H. said she suffered during That time period and There would Be no physical Evidence, DR WElls states His Expert Opinion out Side Presense of Jury. Of The pictures I saw, I would say That person has not Had any Sexual intercourse Recently ~~Bla2ck~~ is That consistent with someone That Had Had Sexual inter course For two or three or Three times a Week For The Four months upto That Exam? Dr WElls: NO Nicki Sandoval (Neeley) was in attendance Durning W.H.'s Forensic Exam She seen Photographs Being taken and get A copy of Exam Certificate as well as copy of Photographs C.O. STATE Had in Their Possession Court of Appeals Attempting to minamize the damage ~~Done~~ During Trial U.S. Constitution Amend XIV. Section 1 = No Shall Any State Deprive Any Person of Life, Liberty or Property without due process of Law: Nor Deny Any Person with in it's Jurisdiction. The Equal Protection of The Laws U.S. Const. Amend. XIV. Sec 3 - USor As A member of Any State Legislature, or as AN ~~Executive~~ Executive or getthis Judicial Officer (Judge) of Any State, FAiL to Support The Constitution of The united States, SHAll Have Engaged in Insurrection or Rebellion Against The Same, (Also Know as TREASON) Punishment By Firing Squad or Hanging According to The Books of Law

7

These's LAWS ARE Also PArt of The U.S. Const. of America July 1776. And Their is no time Limit on TREASON Against The Constitution of The United STATES. Appeals 11th Court sAys "LAst minute disclosure P.6 Line 11 STATES" LAst minute disclosure was ExCulpatory Evidence Falls under "Brady material" 373 U.S. 83 (1963) also Local Rules of The District Courts of Madison County Texas 12th And 278th Judicial District (2006) ADDENDUM 9 STATES This Court Hearby "Adopts" The Following STANding Discovery Order That shall "APPLY IN All" Criminal CASES in This CourT "UNLESS-UNTILL Specifically ordered Otherwise:" Bold Lettering: "STATE IS ORDERed to FURNiSh: #3 WRitten notice of INtent to use ExTRaneous offense Evidence At TRiaL (Rule 404 (B) Texas Rules of Evidence) 4 Inspection OF: A. All iteams Seized From The Defendant; Texas Rules of Crim. Proc. STATE'S All iteams Seized With Valaid Warrant of Seach And Sezure, D All document's and Get This All Photographs, investigitive Charts or Diagrams to be Introduced At TRiaL: Diagram By NURSE Riley was not Presented BeFore trial was oFFERed During trial of Wednesdays Hann Sexual Assualt Exam talk ing of Hymen g. All Tangible iteams of Physical Evidence Collected By The STATE or it's Agents Concerning The Allegrd offense: To include Latent Finger priNts, Footprints, Hairs, Fibers, Fingernail Scrapings, Body Fluids Tire tracts paintscrapings ETC. #5 All Promises of BeneFit or Lenience AFForded to Any prospective witness in Connection with His or Hers proposed testimony or other Cooperation with Reguard to The Alleyed oFFense (List of Names Nurse Riley, Micheal Sims, Loucirda LaVoie, Maurice E. LaVoie III and W.H. Herself.) #10 Get This "All Exculpatory Evidence" pursuant to (Brady v. MARyLANd) "And Related" "CASES" #11 It is to Be ordered = understood

8

That The STATE will Furnish all of Such above ~~items~~ items which are in Possession of The STATE's Attorneys. or which are known to be in The ~~possion~~ possession of The get this Investigating OFFICERS (Nicki Sandaval Neeley) or other Agents of The STATE C.P.S. (Jodi Sanford, Nurse Riley) #12 In appropriate Cases, The STATE is Encouraged to Furnish offense reports and Witness Statements in addition to the above items. However such reports and Statements are normally work production of The STATE and are Therefore protected From mandatory disclosure unless The Contents are Exculpatory Such Statements and Reports must of Course be tendered to The Defense For Cross-Examination on proper Request under <u>Gaskin</u> Bold Lettering and underlined or related requirements These a Just a Few of The Requirements mentioned in The ~~exist~~ Exhibit A of Appellants Brief. requested oral Argument with 11th Court Appeals "Denied"

### C Refusal To Permit Witness to Testify

Trial Court cannot Refuse to Allow an Expert Witness Dr. Wells to testify U.S. Const. Amend V IX XIV Texas Const. Art 1 sec 10. 15. 19, Tex Code of Crim. Proc. Ann Art. 29.03, 35.16(c)(2) Vernon (2011) This is a Gross misdarriage of Justice and Abuse of Discretion. There is No Evidence in record That Appellant acted in bad Faith in Failing to timely disclose Dr. Wells as witness, ~~However~~, ~~Here~~ it Comes more B.S. To Justify STATE Actions of Severe neglect and Abuse of Procedureal Duties, There is Evidence that Appellants Attourney Failed to Act with diligence and Left STATE no time to prepare For Dr. Wells testimony. This is A Lie! STATE Had Plenty of Time to Prepair For Dr. Wells testimony

9

STATE was more ingaged in Looking to discredit Dr. Wells as a witness state spent Their time on internet searching Dr. Wells Background Finding Among other Things He was on Suspension For what Ever. time Could of Been Spent preparing For Dr. Wells testimony Lie number (2) p.7 Appellants Failure to diligently Comply with Discovery order. There was No Discovery order Applied to DeFense as Far as Expert witness were Concerned STATE was ordered to Furnish all. Addendum 9 STATES Such. And There For provided The Court with Nothing to Justify Appellant request to Allow Dr. Wells (Expert testimony) This is abuse oF Discretion. Had Dr. WElls Expert testimony Been allowed He Could of Impeached WH's testimony and also Nurse Riley's, W.H's testimony repeted Penetration, Goodman asked WH. was there Blood W.H. STATEs I don't Know I was on my Period this also would oF Show up on The sexualt Exam of W.H's Appellant Belives this Could HAve Changed The Couse of trial as 13 white Ladys would SEE the Lie's Created By W.H. And The STAte and asst Attourney General Ms Goodman and Jon Meador, DA Brian Risinger. 11Th Court of Appeals Again violates Code of Criminal Procedur ER 77.3 Unpublished Opinions Have no precedential value And must not Be Cited As Authority by CounsEL or by A Court 11th Court of Appeals cites See Strawn v-State, NO 2-02-170-CR 2003 WL 21235537, at *2-4 (Tex. App.-Ft. Worth May 22, 2003, Pet. ref'd)(not designated For Publication) Court of Appeals also ATTEMPTs to minamize The testamony of Expert Witness Dr. Wells versEs Riley testimony is Confusing to Appellant First WH. Exam is Normal, Then it does not mean no sexual Assualt, Then its not possiable W.H. suffered what she said she did. Nurse Riley Can not make up Her mind as to what Happened to W.H.

10

And if she Cant How Can The Jury? Reguardless of Gender Bias Already as well as Discriminatory, Prejudice, Age, Race And partial Jury Expert Dr. Wells opinion testimony states it did not Happen it Could not Have Happened Evidence Of Photographs Clearly show's it did not Happen which impeaches W.H's Statement of Alleged Sexual Assault Even in The Begining March 29, 2008 original Declarents statement upon proper investigation By one "Nick Sandoval needy" State OFFiciaL due to prejudice and discriminatory Gender Bias Conducted one sideded investigation with The intent to Harm Appellant Based on W.H.'s testimony Being a Child of 14 years of age Sandavol Automaticaly side whith W.H's Statement Reguardless of Evidence AN Exam or Really Lack their of Use of invaled search warrent failure to Secure Crime Scene in Madisonville Texas Woodrow House resualted in Contaminated Crime scene Evidence Planted Evidence Removed 29 days From accusation to enForcement of Search warrent. unintentional (in This Case intentional with The intent to Harm) Conduct of State OFFicial(s) more Culpable than Negligence, may Constitute denial of Due process SuFFicient to Support 1983 Action U.S.CA. Const. Amends 5, 14 42 USCA 1983 Salas-v-Carpenter 980 F 2d 299 / Goodson-v-city of Corpus Christi 202 F 3d 730, Gilbert-v-Texas mental Health and MHMR 917 F supp 1031 Const. Amend 14, 42 USCA 1983. To 11Th Court of Appeals Rule 44.2 (A) Constitional Error States IF The Appellate Court Record in a Criminal Case Reveals Constitution Error" That is suBJect to HarmLess Error Review (Jon Meadors State Brief p 19.20) revales HarmLess Error Review The Court oF Appeals must Reverse A Judgment of Conviction or punishment. Does not State You Can Justify with your opinion. Unless Court

11

Rule 101(C) Hierarchical Governance In Criminal Proceedings, Hierarchical governance Shall BE in the Following Order: The Constitution of The United STATES, Those Federal Statutes That control STATes under the Supremacy CLAUSE, The Constitution of Texas The Code of Criminal Procedure And The Penal Code Civil STatutes, These Rules And Common Law, where possible ~~~~~ INCOSisteney is to Be remove By Reasonable Construction

Judge Kramer AFTER Voir DirE   Volume 3 oF9   P176  3,4,5 Jury Empanled I Think I Can honestly tell you That iN 39 years 9 months. I HAVE Never Had AN all Female Jury BeFore

Appellant objection motion For Mistrial  Judge Kramer   Denied!

STATEMENT oF Facts Volume 7 of 9   P. 9,10   JudgE Kramer says line 24,25 I Hope that we HAVE--- Well We made an ATTempt to run it Relatively Efficiently, I Know thats Not The CASE:

P.10(1) But iF There's Any Suggestions (2) That you Have Keep them to your SELF -- No, No iF you (3) Have Any suggestions we'll Be more Than Happy to Hear (7) them

Also Note MR. BIAZEK was And STill is Recovering From a STROKe IN ~~~~~
        2011

determines Beyound A Reasonable doudt that the Error did not Contribute to The Conviction or Punishment 44.2(B) Stating Non-Constitutional Error is Harm Less Unless Substantial rights are Affected.(Finding that A Substantial Rights is Affected when the Error Has A substantial And Injurious Effect or Influence indetermining The Jury's Verdict. Appellant Understands Jurors Especially 13 women not understanding Reasonable doudt or Beyound Reasonable doudt But you Judges on 11 Court of Appeals Shoald and Do understand Reasonable doudt And Beyound Reasonable doudt Further more you should Be Able to See A Malicious Prosection, Abuse of Process XXVII(G) 4043 Constitutional Law. It is Plain for all to SEE Abandoment By The STATE, Judge BAird would Reverse Appellant's Conviction on This Point, Because He Believes The Question of Procedural DeFault to Have Been abandoned By The STATE TaiLant-v-STATE 742 S.W. 2d 292,294

## VI This Court's Ruling

WE AFFirm the Judgment of The trial Court

Please Be Advised By This Determanation you Have placed your selves in the Class of particity, Bias, Prejudice situation and Condoning The Malicious Prosecution of Appellant By STATE Agencys there fore Subject to U.S.Constitution Amend And also in Violation of V, VI, XIV U.S. Const. Amend also Tex. Const. Art. / sec 10,15,19 Appellants Rights to Impartial Jury (Violated) you AFFIRM Due Process And Due Course of Law (Violated) you AFFirm Violation of Federal Rules of Crim Proc. Ann. ART. 29.03, 35.16(C)(2) Vernon (2011) Also Local Rules of The District Courts of Madison County Tx. Addum #9

12

I Also Remind you of The Oath of Judges = I will Administer Justice with out Respect to Persons, And Do Equal Rights to The poor and The Rich And That I will FaithFully And Impartially Dis Charge and PreForm All The Duties In Cumbent upon ME as Judge under The Constitution and Laws of The United States So Help me God. You are ALSO Condoning FalsEifing Evidence And The Fabricating Evidence with Intent to Harm Appellant, MalFEASANCE IN OFFICE, Neglect of OFFICIAL Duties. It is with great Sorrow I Am one of The 39% Innocent Victumes of The STAte of Texas That Could of Been Freeded And JusticE Served Had you all Just done the Job you SAid you Would do when you took office And Took The Oath of Judges. The Bible says Judges. Judge Ye right IOUSLY So MR. Jim R WRight, Mike Willson, John M. BAiley I will Give Prayer to God so your children and grand children NICESES or Nephews Have to go to PRiSION on FAkiFied Evidence And Judges of Appeals Court ████ ████ And STAnd up For Justice

grow more Concerned

## Memorandum Opinion

I do not AFFirm Judgement of Court of Appeals or The trial Court.

*Maurice Edward Gaine II*

PS. I Was Mirandized in GRimes County 3 times. But I do not Remember my Miranda Rights Being told to me Prior to Arrest. I Was interigated and Question in A yard NO Miranda Rights Read.

AUDIE
707781
...naugh Unit
98 S Hwy 2037
...Stockton 79735

Honorable Able Acosta Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin TX. 78711

MIDLAND TX 797
WED 11 MAR 2015 PM
FOREVER USA